IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| THE UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CR-32-JHP |
| | ) | |
| DAVID LEWIS MCDOWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant David Lewis McDowell's *pro se* motion, in which he asks the Court to reduce his criminal history points on his Presentence Investigation Report ("PSR") and to change his "severity category." (Doc. No. 116). Specifically, Defendant seeks a change to pages 9-10 of the PSR to reflect that as of July 19, 2015, fifteen years have passed "on the 'charge' of 'Robbery.'" Based on this proposed change to the PSR, Defendant requests a three-point reduction in his criminal history score and a reduction of the severity category from "moderate to low." The Government opposes Defendant's request. (Doc. No. 118). On November 30, 2015, Defendant filed a Reply brief, which raises new issues pertaining to his sentencing. (Doc. No. 119). On March 17, 2016, Defendant filed a "Motion to Add or Amend," in which he reiterates his request for a reduction of his criminal history points based on the age of the robbery charge. (Doc. No. 121). On June 20, 2016, Defendant filed another amendment to his Motion, in which he requests examination of his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. No. 122). For the reasons stated below, Defendant's requests are **DENIED**.

## BACKGROUND

A Grand Jury indicted Defendant on April 9, 2013, charging him with ten counts of wire fraud in violation of 18 U.S.C. § 1343 and seven counts of money laundering in violation of 18 U.S.C. § 1957. (Doc. No. 2 (Indictment)). On March 24, 2014, pursuant to a written plea agreement, Defendant entered a guilty plea to Count 12 of the Indictment, a money laundering charge for conduct that took place on October 27, 2008. (Doc. Nos. 2, 80). Under the plea agreement, Defendant waived his appellate and post-conviction rights, including the right to collaterally attack his sentence. (Doc. No. 83). The Government agreed to dismiss the remaining counts against Defendant prior to sentencing. (Doc. No. 104). The United States Probation Office prepared a PSR as to Defendant, which was filed with the Court. On October 29, 2014, the Court sentenced Defendant to 51 months imprisonment on Count 12 of the Indictment. (Doc. No. 105).

## DISCUSSION

### I. Reduction of Defendant's Sentence

#### A. Authority to Reexamine Defendant's Sentence

Defendant seeks modification of his sentence. As a threshold matter, Defendant has provided no authority under which the Court may reexamine his sentence. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted). Defendant's request for sentencing relief is not a direct appeal or a collateral attack under 28 U.S.C. § 2255.[1] Therefore, his motion depends on 18 U.S.C. § 3582(c) or Federal Rule of Criminal Procedure 36, neither of which is available here.

---

[1] Although Defendant's motion does not hint at any basis for a collateral attack pursuant to § 2255, the Court notes that Defendant would be ineligible to pursue such relief, because Defendant specifically waived such post-

Section 3582(c) "provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'" *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir.1996) (quoting 18 U.S.C. § 3582(c)). "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'" *Id.* at 947-48 (quoting § 3582(c)(1)(A), (c)(1)(B), (c)(2)). Avenues one and three clearly do not apply here. Avenue two depends on Rule 35. Rule 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Defendant brings this motion long after the fourteen-day period laid out in Rule 35(a), making this provision inapplicable. Rule 35(b) provides for a reduction upon motion of the government, which has not been made here. Accordingly, Section 3582(c) and Rule 35 do not apply to Defendant's motion.[2]

Rule 36 is equally inapplicable. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While "Rule 36 gives the court authority to correct clerical-type errors," it "does not authorize substantive sentencing modification." *Blackwell*, 81 F.3d at 948-49. Because Defendant seeks a substantive modification of his sentence, Rule 36 does not authorize a sentence reduction here.

---

conviction rights in his plea agreement. (Doc. No. 83, at 4). *See United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004).

[2] Moreover, in his written plea agreement, Defendant expressly "waive[d] the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government." (Doc. No. 83, at 4). Therefore, even if the Defendant were eligible for any avenue of relief under § 3582(c), he waived his right to any such relief.

### B. Merits of Defendant's Requests

Even if Defendant were eligible for reexamination of his sentence, his requests would nonetheless be denied on the merits. The Court addresses each of Defendant's arguments below.

#### 1. 1983 Robbery Conviction

In his motion, Defendant requests a reduction of his criminal history score, as stated on the PSR. In support of his request for a change to the PSR, Defendant points to his 1983 conviction for robbery, for which he received a ten-year suspended sentence. (PSR at 9-10). Defendant's suspended sentence was later revoked, and he was incarcerated until July 19, 2000, based on the revocation and parole violations. (PSR at 10). Based on the 1983 robbery count and subsequent incarceration, Defendant received three criminal history points on the PSR. Defendant now argues that those three points should be removed from the PSR, because fifteen years have passed since he was released in 2000.

Defendant's guideline criminal history points are governed by the 2013 United States Sentencing Commission *Guidelines Manual*, ("U.S.S.G.") § 4A1.1. Application Note 1 to U.S.S.G. § 4A1.1 states, "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen year period. *See* §4A1.2(e)." Section 4A1.2(e) advises to "count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."

Here, Defendant's conviction was based on offense conduct that took place on October 27, 2008. Defendant was incarcerated on the 1983 robbery count until July 19, 2000, which is only eight years prior to the instant offense of money laundering. Because Defendant's

incarceration extended into the fifteen-year period for sentencing purposes, the three criminal history points were correctly included on the PSR.

In his Reply brief, Defendant argues the 1983 robbery charge should not be used to impose a higher sentencing guideline range, because he "finished and finalized [his] sentence 15 years ago" on that charge and conviction. (Doc. No. 119, at 1). However, as explained above, criminal history points are determined based on the date of the offense conduct, which in this case was fixed at October 27, 2008. Even if fifteen years have now passed since Defendant's release from incarceration in 2000, the fact remains that only eight years passed between the date of his release from incarceration in 2000 and the date of the instant offense in 2008. U.S.S.G. § 4A1.1. Defendant's request for an adjustment to the PSR is denied.

Finally, on March 17, 2016, Defendant filed a "Motion to Add or Amend" (Doc. No. 121), in which he essentially repeats his request to have his sentencing guideline range reduced based on the age of the 1983 Robbery charge. Defendant adds that he will be ineligible for the full benefits of the Residential Drug Abuse Program ("RDAP") because of his current sentence. For the reasons explained above, the three criminal history points based on the 1983 Robbery charge were correctly applied. Defendant's request for relief is denied.

### 2. Pending Charge of DUI

In his Reply brief, Defendant notes that an "Atoka pending charge of DUI was also used to aggregate [his] current sentence" by one criminal history point in the PSR. (Doc. No. 119, at 2). However, the 2014 pending charge of driving under the influence in Atoka County District Court was not used to add any criminal history points to Defendant's criminal history score. (*See* PSR at 14). Accordingly, to the extent Defendant seeks an adjustment to the PSR based on the Atoka DUI charge, the Court denies this request.

### 3. Discussion of Criminal History Points at Sentencing

In his Reply brief, Defendant refers to a conversation at his sentencing hearing among his attorney, the U.S. Attorney, and the Court regarding "the 3 point of my criminal history." (Doc. No. 119, at 3-4). Defendant states, "I do not know exactly what was said, or by whom, but I believe it all needs to be looked at, on what was stated, on the 3 point, that is." (Doc. No. 119, at 4). However, it is not appropriate for the Court to investigate and determine what conversation Defendant is referring to, and whether the alleged conversation might possibly give Defendant grounds for complaint. Although the court must construe *pro se* pleadings liberally, holding them to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Defendant's request for the Court to "look at" a conversation would impermissibly require the Court to assume the role of advocate and construct a legal theory on Defendant's behalf. Therefore, Defendant's request is denied.

### 4. Restitution Amount

In his Reply brief, Defendant argues that he was improperly sentenced based on a restitution of $2.8 million, when his written plea agreement stipulated restitution of $1.5 million. (Doc. No. 119, at 2-3). Defendant states the $1.5 million dollar amount "was hand written in the written plea agreement contract, at the bottom of the first page" and the $2.8 million dollar amount "was crossed out of the written plea agreement contract, close to the bottom of the first page, in the honorable court of Judge West." (Doc. No. 119, at 3). After a thorough review of Defendant's written plea agreement (Doc. No. 83), the Court cannot identify any crossed-out

items in the agreement or any hand-written insertions. The only reference to a $1.5 million amount in the plea agreement is on page 2, in the "Factual Basis for Plea" section. This section reads, "Based upon the Defendant's false statements about the ethanol system and the fraudulent invoices shown to him, Mr. Blau wired, from his bank in Las Vegas, Nevada, over $1.5 million dollars to FASTech's business account in Atoka, Oklahoma during 2008-2009." (Doc. No. 83, at 2). Nowhere does the written plea agreement reference an agreed restitution of $1.5 million. At sentencing, the Court ordered Defendant to pay restitution in the amount of $2,855,000 (Doc. No. 105). The Court can discern no inconsistency between the plea agreement and the ordered restitution amount. Therefore, Defendant's request for a sentencing reduction based on the restitution amount is denied.

## II.     Reduction of Severity Category

Defendant also seeks a reduction of the "severity category" from moderate to low. Construing Defendant's request liberally, the Court interprets this request as one for a lower security classification within the Bureau of Prisons ("BOP"). Such a request must be brought pursuant to 28 U.S.C. § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . .") (citation omitted). However, as the Government points out, Defendant is not entitled to such relief, because he has not established exhaustion of his administrative remedies within BOP. Before seeking relief under § 2241, federal prisoners must exhaust their administrative remedies. *Williams v. O'Brien,* 792 F.2d 986, 987 (10th Cir. 1986). Defendant has not established that he exhausted his available remedies within BOP, which is fatal to his request for relief. Moreover, a petition pursuant to § 2241 must be brought in the district where the prisoner is confined. *Bradshaw*, 86 F.3d at 166. Here, Defendant is incarcerated at the Federal Correctional

Institution in El Reno, Oklahoma, which is outside of this Court's jurisdiction. Therefore, Defendant's request for reduction of his severity category is denied.

### III. Relief Pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015)

Finally, on June 20, 2016, Defendant filed a document titled "Amended or added motion Count #6 - #7." (Doc. No. 122). In this filing, Defendant apparently attempts to amend his original motion to add a claim for sentencing relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). In the first instance, the Court finds this document to have been filed improperly without leave of court. Amendments to motions may be considered by the court only if a party first seeks and receives leave to amend. *See* Local Civil Rule 7.1(e) ("Supplemental briefs . . . may be filed only upon motion and leave of Court.").

Even if Defendant had sought leave to amend, the amendment would be denied as futile, because Defendant is ineligible for relief under *Johnson*. In the amendment, Defendant argues he received a sentence enhancement for his 1983 robbery conviction, in the form of a three-point addition to the PSR criminal history score, which is now being used against him as a "crime of violence." (PSR at 9-10). Defendant attaches a copy of his "Inmate Skills Development Plan" at BOP, which indicates a "[p]ast conviction for a crime of violence (state and federal)." (Doc. No. 122, at 8). Defendant argues *Johnson* may be used to attack the definition of "crime of violence" found at 18 U.S.C. § 16(b). Defendant further argues *Johnson* states, "only 10 years prior convictions can be used from completion to current conviction (sentencing?)." (Doc. No. 122, at 5).

However, based on Defendant's arguments, the Court cannot identify any possible ground for relief. Defendant received three criminal history points for the 1983 robbery conviction because he received a "sentence of imprisonment exceeding one year and one

month," not because it was a "crime of violence" as defined in § 16(b). *See* U.S.S.G. § 4A1.1(a) ("Add **3** points for each prior sentence of imprisonment exceeding one year and one month."). Therefore, to the extent Defendant seeks removal of those points based on the definition of "crime of violence," no relief is available. Moreover, *Johnson* did not address the U.S.S.G.'s "Criminal History Category" section, which is the section under which Defendant is seeking relief. Instead, *Johnson* pertains to offenders sentenced under the Armed Career Criminal Act ("ACCA") enhancement, 18 U.S.C. § 924(e)(1).[3] Defendant was not sentenced under the ACCA enhancement or any other career offender enhancement. Accordingly, *Johnson's* holding is simply inapplicable to Defendant's case and affords no possible relief to Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. No. 116) is **DENIED**.

IT IS SO ORDERED this 24th day of April, 2017.

*James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[3] The ACCA provides a fifteen-year mandatory minimum sentence for a person who is convicted as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1).